IT IS SO ORDERED.

Dated: 21 January, 2026 02:57 PM

Suzana Krstevski Koch
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 24-15090 |
| MICHAEL P. MEEHAN, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge Suzana Krstevski Koch |
| | ) | |
| | ) | |
| JONATHAN E. FULLER, et al., | ) | Adversary Proceeding |
| | ) | No. 25-01021 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL P. MEEHAN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This cause is before the Court on Jonathan E. Fuller and Lee Fuller's (the "Plaintiffs") Motion to Deem Request for Admissions Admitted (the "Motion to Deem") filed November 20, 2025. ECF No. 19. Responses to the Motion to Deem were due on or before December 5, 2025.

On December 9, 2025, defendant Michael P. Meehan (the "Debtor") filed an Objection to the Motion to Deem (the "Objection") (ECF No. 24) and a Motion for Leave to File the Objection (the "Motion for Leave") (ECF No. 25). No authority was cited in support of the Motion for Leave. The Court takes the Motion for Leave to be one filed pursuant to Rule 6 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Rule 9006 of the Federal Rules of Bankruptcy Procedure.

## JURISDICTION

The Court has jurisdiction over the Debtor's main case and this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order 2012-07 of the United States District Court for the Northern District of Ohio.  Actions to determine the dischargeability of debts, as this action is, are core proceedings that this Court may hear and determine under 28 U.S.C. § 157(b)(2)(I).  Venue in this Court is proper under 28 U.S.C. § 1409.  The parties consented to final entries of judgment by this Court.

## BACKGROUND

**Main Case**

The Debtor filed a Chapter 13 petition under Title 11 of the United States Code on December 16, 2024 (Case No. 24-15090) (the "Main Case").  ECF No. 1 in the Main Case.  The Debtor's petition was prepared by Antoinette E. Freeburg, Esq. ("Attorney Freeburg").  Attorney Freeburg was, and remains, counsel of record.  On August 19, 2025, the Debtor voluntarily converted his case to one under Chapter 7, pursuant to 11 U.S.C. § 1307(b).  ECF No. 47 in the Main Case.

**Adversary Proceeding**

On March 27, 2025, the Plaintiffs filed a Complaint against the Debtor alleging the dischargeability of certain debts, thereby commencing this adversary proceeding.  ECF No. 1.  The Debtor filed a timely Answer on June 11, 2025.  ECF No. 5.

An initial pre-trial conference was held on August 13, 2025, and the Court issued a Trial Scheduling Order (the "Scheduling Order") on August 14, 2025.  ECF No. 8.

The Scheduling Order set May 7, 2026 as the trial date.  Discovery was to be completed no later than December 12, 2025, with facts and legal conclusions not in dispute to be filed as

stipulations on or before January 9, 2026.  ECF No. 8, ¶¶ 3, 6.  Dispositive motions are to be filed on or by January 30, 2026, with responses due February 13, 2026 and replies due February 20, 2026.  *Id.*, ¶ 8.  The Scheduling Order includes the Court's procedure for resolving discovery disputes.  *Id.*, ¶ 5.  The Scheduling Order also advises that if a party fails to comply with the requirements of the Scheduling Order, such failure may result in dismissal, default, sanctions, or other consequences the Court deems appropriate.  *Id.*, ¶ 15.

On October 21, 2025, the Debtor filed a *pro se* motion in this adversary proceeding styled as a Motion for Summary Judgment.  ECF No. 11.  The Debtor, being represented by counsel, may not file *pro se* briefs, and so the Court struck the *pro se* motion from the docket as not properly before the Court.  ECF No. 21.

In addition to the Motion to Deem, the Objection, and the Motion for Leave, Attorney Freeburg also filed a Motion to Withdraw as Counsel on December 9, 2025.  ECF No. 26.  The response date for the Motion to Withdraw as Counsel was December 23, 2025.

The Court held a hearing on December 16, 2025 wherein the Court heard arguments from Plaintiffs' counsel and Attorney Freeburg related to the Motion to Deem, the Objection, and the Motion for Leave.  The Motion to Deem alleges that Plaintiffs served the Debtor with their First Set of Requests for Admission on October 1, 2025.  Responses were due October 31, 2025.  Plaintiffs did not receive responses to their First Set of Requests for Admission, so on November 14, 2025, Plaintiffs' counsel emailed Debtor's counsel asking when he could expect the responses.  Attorney Freeburg responded on the same day and advised that responses would be transmitted within "a few weeks."  ECF No. 19, Ex. B. p. 2.  On the same day, Plaintiffs' counsel replied and extended the deadline to November 20, 2025, which the Court takes as a stipulation pursuant to Rule 29(b) of the Federal Rules of Civil Procedure (applicable herein by Rule

3

7029(b) of the Federal Rules of Bankruptcy Procedure) as contemplated by Rule 36(a)(3) of the Federal Rules of Civil Procedure (applicable herein by Rule 7036 of the Federal Rules of Bankruptcy Procedure).

The Debtor did not provide responses by November 20, 2025, and Plaintiffs filed the Motion to Deem. Attorney Freeburg explained the delays in this matter were due to matters personal to her and not the fault of the Debtor himself. Attorney Freeburg did not make an argument that the facts as outlined in the Motion to Deem are not correct.

On December 22, 2025, Attorney Freeburg filed a Supplement to Objection to Motion to Deem Admissions Admitted, arguing that the Debtor may move to withdraw admissions pursuant to Civil Rule 36(b). ECF No. 33.

## ANALYSIS

A. **Motion for Leave**

The Court begins with the Motion for Leave. Civil Rule 6(b) (applicable herein by Rule 9006 of the Federal Rules of Bankruptcy Procedure) provides that when a party moves the court to accept a filing after the relevant deadline, the court may do so "where the failure to [file before the deadline] was the result of excusable neglect." *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (quoting Fed. R. Civ. P. 6(b)(1)(B)) (alteration in original). Excusable neglect determinations are within the sound discretion of the district court and guided by five relevant factors: (1) the danger of prejudice to the nonmovant; (2) the length of the delay and its impact on the pending proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the movant; and (5) whether the movant acted in good faith (collectively, the "*Pioneer* Factors"). *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

1. *Pioneer* Factors 1 and 2

With respect to the first two *Pioneer* factors, the danger of prejudice to the Plaintiffs and the impact on the proceedings weigh in favor of denying the Motion for Leave. The length of delay, facially, weighs in favor of granting the Motion for Leave.

In a Western District of Kentucky case denying a late filed motion for leave, counsel there explained a filing delay by stating "the deadline fell within a hectic time . . . with preparation for the upcoming Thanksgiving and Christmas holidays as well as coinciding with a health scare . . . ." *Pryor v. Seven Counties. Servs.*, 3:21-cv-733, 2024 U.S. Dist. LEXIS 51298, at *5 (W.D. Ky. Mar. 22, 2024). That court, in applying the *Pioneer* five factor test, denied the motion for leave due to the length of delay (115 days late) and the impact on judicial proceedings (only six weeks until the final pretrial conference).

Here, the Motion for Leave was filed four days late. While four days seems as though it would not prejudice Plaintiffs, the downstream effect due to the discovery deadline in the instant case could have a potentially detrimental impact on the proceedings. The danger of prejudice to the Plaintiffs here is significant because the discovery deadline has passed, stipulations were due January 9, 2026 and dispositive motions are due January 30, 2026. The dispositive motions deadline is scheduled to allow parties sufficient time to review discovery, prepare their motions, file responses and replies, and allow the Court the opportunity to rule in enough time that parties are not needlessly preparing for trial.

2. *Pioneer* Factors 3 and 4

The third and fourth *Pioneer* factors examine the reason for the delay and whether the delay was within the reasonable control of the movant. These factors weigh in favor of granting the Motion for Leave.

In *Howard v. Nationwide Prop. & Cas. Ins. Co.*, the Sixth Circuit reinforced the authority established by *Pioneer*, explaining that a client "must be held accountable for the acts and omissions of their attorneys." 306 F. App'x 265, 267 (6th Cir. 2009) (citing *Pioneer*, 507 U.S. at 396). When a client "voluntarily chooses" their attorney, they "cannot . . . avoid the consequences of the acts or omissions of this freely selected agent." *Pioneer*, 507 U.S. at 397 (citation modified). In *Howard*, the Sixth Circuit found that a three-week delay interfered with the district court's ability to resolve the summary judgment motion expediently prior to trial. 306 Fed. Appx. at 267.

Attorney Freeburg explained to the Court that the delays in this proceeding were due to matters personal to her and not the fault of the Debtor himself. The Debtor is held accountable to Attorney Freeburg's explanation. The Court's experience with Attorney Freeburg is that she is a competent professional who represents her clients well. That she took responsibility for the late filed Motion for Leave (as well as the missed discovery responses) speaks to her understanding of the procedural posture of this matter.

3. *Pioneer* Factor 5

The fifth factor examines whether the movant acted in good faith, and there is no question here of bad faith.

Having considered all of the *Pioneer* factors, while the prejudice to the Plaintiffs and the impact on the proceedings could be significant, given that the deadline for motions for summary judgment has not yet passed, the Court grants the Motion for Leave.

**B.     Motion to Deem**

Having granted the Motion for Leave, the Court turns to the Plaintiffs' Motion to Deem and the Debtor's Objection.

Civil Rule 36(a)(3) provides as follows:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.

Fed. R. Civ. P. 36(a)(3).

Pursuant to Civil Rule 36(a)(3), made applicable in bankruptcy proceedings by Bankruptcy Rule 7036, unanswered requests for admission are deemed admitted. This rule is self-executing. *See Sims v. Bowling Green State Univ. (In re Sims)*, No. 18-03005, 2019 Bankr. LEXIS 892, at *2 n.3 (Bankr. N.D. Ohio Mar. 21, 2019); *Meggitt v. Neema, LLC (In re Meggitt)*, No. 17-3014, 2018 Bankr. LEXIS 521, at *4 (Bankr. N.D. Ohio Feb. 27, 2018); *Vaughan v. Meridian Nat'l Corp. (In re Ottawa River Steel)*, 324 B.R. 636, 638 (Bankr. N.D. Ohio 2005).

In this case, there is no dispute that the Debtor failed to respond timely to the Plaintiffs' requests for admission. The effect of Civil Rule 36(a)(3) is that when the Debtor missed that deadline, the rule became self-executing such that no motion by Plaintiffs was required. *Harmless v. Elec. Control Sec., Inc.*, 07-cv-146, 2008 U.S. Dist. LEXIS 18691, at *1 (S.D. Ind. March 10, 2008). The requests for admission were deemed admitted by operation of law when the Debtor failed to answer them within 30 days after being served. The Motion to Deem is denied for lack of case or controversy. *In re Meggitt*, 2018 Bankr. LEXIS 521 at *4.

**C.    Objection/Motion to Withdraw Pursuant to Rule 36(b)**

Once a request is admitted under Civil Rule 36(a)(3), the "proper procedural vehicle through which to attempt to withdraw admissions made in these circumstances is a motion under Rule 36(b) . . . ." *Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1059 (7th Cir. 2000). Civil Rule 36 works to narrow issues that could be litigated by the parties, and "[u]nless the party securing an admission can depend on its binding effect, he [or she] cannot safely avoid the

expense of preparing to prove the very matters on which he [or she] has secured the admission, and the purpose of the rule is defeated." *United States. v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987).

Under Civil Rule 36(b), a request for admission that is not responded to within the applicable time period "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997) (citing Fed. R. Civ. P. 36(b)); *but see United States. v. Petroff-Kline*, 557 F.3d 285, 293 (6th Cir. 2009) (noting that the "failure to respond in a timely fashion does not require the court automatically to deem all matters admitted") (citing *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1312 (8th Cir. 1983)).

    1.      Supplement to Objection to Motion to Deem Admissions Admitted construed as a Motion to Withdraw

There is no formal motion to withdraw filed in this case. The Sixth Circuit, however, has explained that a withdrawal may be imputed from a party's actions. *Petroff-Kline*, 557 F.3d at 293 (quoting *Chancellor v. City of Detroit,* 454 F. Supp. 2d 645, 666 (E.D. Mich. 2006)).

A formal, written motion to withdraw is not necessary, and a withdrawal or request to withdraw may be made orally or may be imputed from a party's actions. In *Kerry Steel*, the Sixth Circuit stated that "we are reluctant to assign talismanic significance to the attorney's failure to use the phrase 'I move.'" 106 F.3d at 154.

While there is no motion under Civil Rule 36(b) to withdraw admissions in this case, there is an Objection that has been filed to the Motion to Deem. Additionally, the Debtor filed his Supplement to Objection to Motion to Deem Admissions Admitted, which, in substance, moves the Court to consider whether the Debtor may withdraw the admissions that have been deemed admitted. Together with the Objection (ECF No. 24), the Court construes the

8

Supplement to Objection to Motion to Deem Admissions Admitted (ECF No. 33) to be a request by the Debtor to withdraw the admissions.

2. Civil Rule 36(b)

Civil Rule 36(b) provides that "the court may permit withdrawal or amendment [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).

In *Clark v. Johnson*, the Sixth Circuit explained the test for withdrawal or amendment of admissions under Civil Rule 36(b) requires analysis of each of the two prongs in the Rule. 413 F. App'x 804 (6th Cir. 2011). The first prong of the test articulated in Civil Rule 36(b) – promoting the presentation of the merits – is satisfied "when upholding the admission would practically eliminate any presentation on the merits of the case." *Id.* at 818 (quoting *Riley v. Kurtz*, No. 98-1077, 1999 U.S. App LEXIS 32900, at *7 (6th Cir. Sept. 28, 1999)) (citation modified).

The second prong of the test – prejudice – is not simply that the party who initially obtained the admission will now have to convince the factfinder of its truth. The prejudice "relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Clark*, 413 F. App'x, at 818 (citing *Kerry Steel*, 106 F.3d at 154.

Here, allowing the withdrawal of the admissions would promote the presentation of the merits of the action, however, Plaintiffs' arguments at the hearing in this matter regarding prejudice to the Plaintiffs were persuasive and well-taken. The need to obtain evidence, after the close of discovery, would greatly prejudice the Plaintiffs.

9

Courts have "considerable discretion" when determining whether to allow a party to withdraw or amend under Rule 36(b). *Kerry Steel*, 106 F.3d at 154. Even when the Civil Rule 36(b) factors are established, a [trial] court still has discretion to deny a request for leave to withdraw or amend an admission. *McCarty v. Perrine (In re Perrine)*, No. 20-03056, 2021 Bankr. LEXIS 2040, at *16 (Bankr. E.D. Mich. July 30, 2021) (citing *Kapitus Servicing, Inc. v. Nikirk (In re Nikirk)*, 2020 Bankr. LEXIS 387, at *10 (Bankr. E.D. Tenn. Feb. 13, 2020) (citation modified).

Having considered both prongs of Civil Rule 36(b), the Motion to Withdraw is granted in part and denied in part because a court should also consider whether requests for admission under Civil Rule 36 deal only in "facts, the application of law to fact, or opinions about either," and not "pure requests for opinions of law . . . [n]or . . . requests seeking legal conclusions." *Petroff-Kline*, 557 F.3d at 293 (quoting Fed. R. Civ. P. 36(a)(3); 7 Moore's Federal Practice §36.10(8) at 36-26 (3d ed. 2008)).

Civil Rule 36 provides that a party may serve on any other party a written request to admit the truth of matters relating to "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a). The Sixth Circuit has explained that requests for admission "may relate to the application of law to fact. Such requests should not be confused with pure requests for opinions of law, which are not contemplated by the rule." *Petroff-Kline*, 557 F.3d at 293. The Court is not satisfied that the Requests for Admission deal only in facts, the application of law to fact, or opinions about either.

The Court having carefully reviewed the Requests for Admission (ECF No. 19-3), exercises its "considerable discretion," *Kerry Steel*, 106 F.3d at 154, and finds as follows:

10

1. Requests for Admission numbers 18, 19, and 20 are pure requests for opinions of law (admissions that the debt is nondischargeable under 11 U.S.C. §§ 523(a)(2), (4), and (6)), so they are deemed withdrawn.

2. Requests for Admission numbers 13 and 14 target the ultimate legal question in the case (conduct was intentional and no just cause), so they are deemed withdrawn.

3. Requests for Admission number 17 applies law to fact (violation of fiduciary obligations), so it is deemed admitted.

4. Requests for Admission numbers 1 through 12, 15-16, and 21-26 are all facts, so they are deemed admitted.

## DISPOSITIVE MOTION DEADLINES

The parties shall have an extra ten days for dispositive motion deadlines. Dispositive motions are due on or by February 9, 2026; responses are due on or by February 23, 2026; optional replies are due on or by March 2, 2026. The parties are excused from filing joint stipulations.

## CONCLUSION

The Motion to Deem is denied.

The Motion for Leave is granted.

The Motion to Withdraw pursuant to Civil Rule 36(b) is granted in part and denied in part.

**IT IS SO ORDERED.**