**IT IS SO ORDERED.**

**Dated:  9 April, 2026 02:31 PM**

Suzana Krstevski Koch
**Suzana Krstevski Koch**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| MICHAEL P. MEEHAN | ) | Case No. 24-15090 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Suzana Krstevski Koch |
| | ) | |
| JONATHAN FULLER AND LEE FULLER, | ) ) | |
| Plaintiffs, | ) | Adversary Proceeding |
| | ) | No. 25-01021 |
| v. | ) | |
| | ) | |
| MICHAEL P. MEEHAN, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### <u>MEMORANDUM OF OPINION AND ORDER</u>

This adversary proceeding is before the Court on Jonathan Fuller and Lee Fuller's (the

"Plaintiffs") Motion to for Summary Judgment (the "Motion for Summary Judgment") filed on

January 26, 2026 (ECF No. 39) pursuant to Federal Rule of Civil Procedure 56, made applicable

to this proceeding by Federal Rule of Bankruptcy Procedure 7056.  Michael P. Meehan (the

"Defendant") did not file an objection or response in opposition.  For the reasons stated below, Plaintiffs' Motion for Summary Judgment is granted in part and denied in part.

## JURISDICTION

The Court has jurisdiction over Defendant's underlying Chapter 7 case and this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order 2012-07 of the United States District Court for the Northern District of Ohio.  Actions to determine dischargeability are core proceedings that this Court may hear and determine under 28 U.S.C. § 157(b)(2)(I).  Venue in this Court is proper under 28 U.S.C. § 1409.  The following constitutes the Court's findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND AND PROCEDURAL HISTORY

State Court Proceeding

On February 23, 2021, Plaintiffs filed suit against Defendant in the Cuyahoga Court of Common Pleas (the "State Court"), alleging breach of contract, fraud, breach of fiduciary duty, unjust enrichment, and requesting punitive damages relating to a transaction involving the deposit of Plaintiffs' funds into escrow with Evergreen Title Source, LLC ("Evergreen"), an Ohio limited liability company for which Defendant was a title insurance agent, escrow agent, and organizer.  ECF No. 39, Ex. A.  Defendant filed an answer to the complaint in the State Court.  ECF No. 39, Ex. C.

The State Court scheduled a trial, and Defendant failed to appear at trial.  The State Court held an *ex parte* trial and entered judgment in Plaintiffs' favor on all claims, awarding compensatory damages, treble damages, attorney's fees, interest, and costs.  *Id.*, Ex. B.  The

State Court entered a judgment for $51,107, plus costs, and a 5% interest rate per annum (the "State Court Judgment"). *Id.*, Ex. B.  The State Court Judgment stated, in relevant part:

> Based on the evidence presented, Plaintiff has proven damages in the amount of $7,830.00.  The court awards punitive damages of treble the Plaintiffs' damages and attorneys fees.
>
> Judgment is granted in favor of Plaintiffs Jonathan Fuller and Lee Fuller and against Defendant Michael P. Meehan on all claims in the amount of $23,490.00.  Defendant to pay Plaintiffs' attorneys fees in the amount of $27,617.00.  Total judgment amount is $51,107.00.  Defendant to pay post-judgment interest on the amount of $51,107.00 at the statutory rate of 5% from the date of judgment and the costs of this matter.

*Id.*, Ex. B.  Defendant did not timely appeal the State Court Judgment. *Id.*, Ex. C.

Defendant later filed a motion for a new trial and a motion to vacate the State Court Judgment, both of which were denied.  *Id.*, Ex. C.  Defendant then filed a motion for relief from that denial (together with the motion for a new trial and a motion to vacate the State Court Judgment, the "State Court Post-Trial Motions"), which a new State Court judge granted.  *Id.*, Ex. C.  Plaintiffs appealed that decision, and the Eighth District Court of Appeals held that the State Court abused its discretion in granting that relief.  *Id.*, Ex. C.  The Eighth District Court of Appeals decision was filed and journalized on November 7, 2024.  *Id.*, Ex .C.  The State Court Judgment remains a final order.

Main Bankruptcy Case

On December 16, 2024, Defendant filed a petition for relief under Chapter 13 of Title 11 of the United States Code.  On August 19, 2025, Defendant voluntarily converted his case to one under Chapter 7.

3

<u>Adversary Proceeding</u>

On March 27, 2025, Plaintiffs timely began an adversary proceeding against Defendant by filing a complaint (the "Complaint") in the instant case, seeking to preclude the discharge of the debt owed to them pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6). ECF No. 1.

On January 26, 2026, Plaintiffs filed a Motion for Summary Judgment, claiming that they are substantively entitled to judgement as a matter of law because the debt owed to them by Defendant is nondischargeable under Sections 523(a)(2)(A), (a)(4), and (a)(6) and also because the doctrine of issue preclusion (collateral estoppel) applies such that Defendant may not dispute the State Court findings. ECF No. 39.

<u>Requests for Admission</u>

On January 21, 2026, the Court entered an Order deeming certain admissions as admitted. ECF No. 35. These admissions are collectively referred to as the "Findings of Fact." The Findings of Fact are as follows:

1. Monies held for repairs/violations in connection with 1119 Piermont Rd., South Euclid, OH 44121 (the "Escrow Funds") were deposited with Evergreen in connection with 1119 Piermont Rd., South Euclid, Ohio.

2. Evergreen acted as escrow/title agent with respect to the Escrow Funds.

3. Escrow Funds were to be released to Plaintiffs upon completion of designated repairs and receipt of a contractor invoice.

4. On or about February 12, 2016, funds were withdrawn from an Evergreen trust/escrow account that included the Escrow Funds.

5. None of the withdrawn funds on or about February 12, 2016 were paid to Plaintiffs.

4

6. Escrow Funds were not returned to Plaintiffs after the January 23, 2020 authorization by the City of South Euclid.

7. Evergreen ceased operations and surrendered licenses after the escrow was established.

8. Defendant was a signatory or authorized decision-maker on the trust/escrow account(s) that held the Escrow Funds.

9. Escrow Funds were not maintained in a segregated trust account at all times.

10. Some or all of the Escrow Funds were used for non-escrow purposes.

11. Plaintiffs obtained a judgment against Defendant in Cuyahoga County Common Pleas Court that was affirmed on appeal.

12. Plaintiffs' claim was scheduled in the main bankruptcy case and Proof of Claim 9-1 was filed reflecting $55,791.22.

13. At the time of the withdrawal(s), Defendant knew the Escrow Funds were held for Plaintiffs for a specific purpose.

14. Defendant owed a fiduciary duty as an escrow agent with respect to the Escrow Funds.

15. Defendant represented to Plaintiffs that the Escrow Funds would remain in trust until all repairs were completed.

16. The Escrow Funds were used for purposes other than repairs or violation corrections.

17. Defendant did not maintain Escrow Funds in a separate trust or IOLTA account at all times.

18. Defendant benefitted from the use of Escrow Funds.

19. Defendant did not provide full accounting records for the Escrow Funds to Plaintiffs.

20. Plaintiffs were damaged by Defendant's failure to safeguard the Escrow Funds.

**LAW AND ANALYSIS**

**I.      Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56, made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also CMCO Mort., LLC v. Hill (In re Hill)*, 957 F.3d 704, 710 (6th Cir. 2020).  In reviewing a motion for summary judgment, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).  The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Even after a moving party has met its initial burden, the "party opposing the summary judgment must affirmatively present competent evidence which sufficiently establishes a genuine issue of material fact."  *Kuns Northcoast Sec. Ctr. LLC v. Sharp (In re Sharp)*, No. 22-30854, 2024 Bankr. LEXIS 1293, at *10 (Bankr. N.D. Ohio June 3, 2024) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)).

**II.      Nondischargeability in Bankruptcy**

Bankruptcy affords a "fresh start" only to "the honest but unfortunate debtor."  *Stamper v. United States (In re Gardner)*, 360 F.3d 551, 557 (6th Cir. 2004) (citing *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991)).  To achieve that end, 11 U.S.C. § 727(b) affords a discharge to

6

those debtors who file a petition for relief under Chapter 7, relieving those debtors of all debts incurred prior to the filing of a petition for bankruptcy, so long as those debts are not subject to certain exceptions listed in Section 523 of the Bankruptcy Code.  Simply put, a "fresh start" is not without its limits.  *See Mellon Bank, N.A. v. Vitanovich (In re Vitanovich)*, 259 B.R. 873, 877 (B.A.P. 6th Cir. 2001) ("When a debtor intentionally engages in a scheme to deprive or cheat another of property or a legal right, that debtor has engaged in actual fraud and is not entitled to the fresh start provided by the Bankruptcy Code.").

Plaintiffs seek determination that the debt owed to them by Defendant in connection with the State Court Judgment is nondischargeable under Sections 523(a)(2)(A), (a)(4), and (a)(6). The relevant portion of Section 523 provides:

> (a) A discharge under section 727 . . . does not discharge an individual debtor from any debt –
> (2) for money . . . to the extent obtained by . . .
>   (A) false pretenses, a false representation, or actual fraud . . . ;
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

11 U.S.C. § 523(a).

Exceptions to discharge are strictly construed against the creditor and liberally in favor of the debtor.  *Rembert v. AT&T Universal Card Servs. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998); *Livingston v. Transnation Title Ins. Co, (In re Livingston)*, 372 F. App'x 613, 618 (6th Cir. 2010).

Additionally, "[t]he objecting creditor bears the burden of proof by a preponderance of the evidence to establish the debt is of the type excepted from discharge."  *Brann v. Oxford* (*In re*

*Oxford)*, 440 B.R. 772, 777 (Bankr. W.D. Ky. 2010) (citing *Hart v. Molino (In re Molino)*, 225 B.R. 904, 907 (B.A.P. 6th Cir. 1998)); *see also Grogan*, 498 U.S. at 291.

**III.     Collateral Estoppel**

Collateral estoppel prevents the relitigation of an ultimate fact that was determined by a valid and final judgment in a prior action.  *Dowling v. United States*, 493 U.S. 342, 347 (1990).

**A.       Collateral Estoppel in Bankruptcy Court**

In *Grogan*, the Supreme Court held that collateral estoppel principles apply in bankruptcy cases and can be used in nondischargeability actions to prevent relitigation of issues already decided.  498 U.S. 279.  Whether a debt is nondischargeable under Section 523(a) is a matter separate from the merits of the debt itself.  *Sill v. Sweeney (In re Sweeney)*, 276 B.R. 186, 195–96 (B.A.P. 6th Cir. 2002) (explaining that a dischargeability action encompasses "two distinct claims" – (1) whether a debt is owed, and (2) whether it is dischargeable) (quoting *Jorge v. Mannie (In re Mannie)*, 258 B.R. 440, 444–45 (Bankr. N.D. Cal. 2001)).  Res judicata applies to the existence of a debt, but not to the question of whether that debt is dischargeable in bankruptcy because dischargeability is a legal conclusion within the exclusive jurisdiction of the bankruptcy courts.  *Long v. Piercy (In re Piercy)*, 21 F.4th 909 918 (6th Cir. 2021).

Accordingly, principles of collateral estoppel apply to the determination of dischargeability.  *Grogan*, 498 U.S. at 284 n.11.  When the debt at issue is based on a state court judgment, the bankruptcy court's ultimate dischargeability determination may be governed by factual issues decided by the state court, provided that the requirements of collateral estoppel are met.  *Spilman v. Harley*, 656 F.2d 224, 227–28 (6th Cir. 1981) ("[T]hat Congress intended the bankruptcy court to determine the final result [of] dischargeability . . . does not require the

8

bankruptcy court to redetermine all the underlying facts." When the requirements are met, "collateral estoppel should preclude relitigation of factual issues.").

The bankruptcy court, when asked to conduct a collateral estoppel analysis, "must review the record of the state-court proceeding to determine if any factual issues relevant to dischargeability have been actually and necessarily determined by the state court." *In re Piercy*, 21 F.4th at 919. If undetermined, the bankruptcy court must independently make the necessary factual findings. *See, e.g.*, *MarketGraphics Rsch. Grp., Inc. v. Berge (In re Berge)*, 953 F.3d 907, 912–13, 916 (6th Cir. 2020).

**B.      Collateral Estoppel in Ohio and the *Wilcox* Elements**

A determination of the collateral estoppel effect of a state court judgment in bankruptcy dischargeability proceedings begins with the Full Faith and Credit Statute, 28 U.S.C. § 1738, which requires the federal courts to give full faith and credit to the judicial proceedings of state courts. *See Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). When the issue previously litigated was litigated under state law, bankruptcy courts apply the law of collateral estoppel of the relevant state. *See Simmons Capital Advisors, Ltd. v. Bachinski (In re Bachinski)*, 393 B.R. 522, 535 (Bankr. S.D. Ohio 2008). The law of the state where the judgment was entered – in this case Ohio – is controlling.

"Ohio law recognizes two related concepts of preclusion under the doctrine of res judicata: claim preclusion, which is also known as res judicata or estoppel by judgment, and issue preclusion, which is also known as collateral estoppel." *In re Stepp*, No. 11-16121, 2013 Bankr. LEXIS 3793, at*9 (Bankr. N.D. Ohio Sept. 11, 2013); *see also Ohio ex rel. Boggs v. City*

*of Cleveland*, 655 F.3d 516, 519 (6th Cir. 2011) (citing cases). Pursuant to Ohio law, for

collateral estoppel to apply, the following four elements must be met:

> (1) A final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (2) The issue must have been actually and directly litigated in the prior suit and must have been necessary in the final judgment; (3) The issue in the present suit must have been identical to the issue in the prior suit; (4) The party against whom estoppel is sought was a party or in privity with the party to the prior action.

*Smith v. Lerner, Sampson & Rothfuss, L.P.A.*, 658 F. App'x 268, 278–279 (6th Cir. 2016) (citing

*Murray v. Wilcox (In re Wilcox)*, 229 B.R. 411, 415–16 (Bankr. N.D. Ohio 1998)). These four

elements are hereinafter referred to as the "*Wilcox* elements."

Here, the analysis for *Wilcox* elements one and four is the same for each of Sections

523(a)(2)(A), (a)(4), and (a)(6), so the Court reviews those two elements once for application to

each of Sections 523(a)(2)(A), (a)(4), and (a)(6).

### 1. *Wilcox* Element 1: Final judgment on the merits after a full and fair opportunity to litigate.

The final judgment on the merits of the previous case must have been after the defendant

has had a full and fair opportunity to litigate. Plaintiffs have presented a valid judgment from the

State Court. ECF No. 39-2. The Ohio Eighth District Court of Appeals ultimately upheld that

judgment (ECF No. 39-3, ¶ 22).

The State Court record reflects that Defendant did not appear at trial. The State Court's

journal entry on February 21, 2023 states "Defendant Michael Meehan did not appear at the

Justice Center either at Courtroom 17-C or 18-B. Defendant did not appear at the old courthouse

at Courtroom 2A as instructed by the Court via e-mail on 02/17/2023." ECF No. 39-2.

10

The State Court Judgment was labeled as a default judgment, but "many judgments are wrongly labeled as default judgments simply on the basis that the defendant failed to appear at trial." *Longbrake v. Rebabrchek (In re Rebarchek)*, 293 B.R. 400, 406–07 (Bankr. N.D. Ohio 2002). "It is clear that any judgment based upon an *ex parte* trial is a judgment after trial pursuant to [Ohio] Civ.R. 58, and not a default judgment under [Ohio] Civ.R. 55." *Id.* (citing *Ohio Valley Radiology Assoc., Inc. v. Ohio Valley Hosp. Ass'n.*, 28 Ohio St.3d 118, 121–22, 502 N.E.2d 599, 602–03 (1986)). Thus, the State Court Judgment was not a default judgment, but one entered after a trial. Defendant's failure to attend the State Court trial does not prevent a conclusion that he had a full and fair opportunity to litigate in the State Court.

Additionally, after answering the State Court complaint, filing numerous State Court Post-Trial Motions, and instituting the appeal to the Eighth District Court of Appeals, Defendant had multiple and ample opportunities for litigation. There was a trial, the State Court Judgment was final, and Defendant had a full and fair opportunity to litigate. The first *Wilcox* element is satisfied as to each of Sections 523(a)(2)(A), (a)(4), and (a)(6).

### 2. *Wilcox* Element 4: The party against whom estoppel is sought was a party or in privity with the party to the prior action.

It is undisputed that Plaintiffs and Defendant were parties to the State Court action that gave rise to the State Court Judgment. Therefore, the fourth *Wilcox* element is satisfied as to each of Sections 523(a)(2)(A), (a)(4), and (a)(6).

The remaining *Wilcox* elements are reviewed within the analysis that follows for each Section 523(a) claim.

11

**C.      11 U.S.C. § 523(a)(2)(A)**

Section 523(a)(2)(A) excepts from discharge a debt "for money, property, [or] services . . . to the extent obtained by false pretenses, a false representation, or actual fraud. . . ." 11 U.S.C. § 523(a)(2)(A).

Under Section 523(a)(2)(A), "false representations and false pretenses encompass statements that falsely purport to depict current or past facts." *Baker v. Wentland* (*In re Wentland)*, 410 B.R. 585, 594 (Bankr. N.D. Ohio 2009) (quoting *Peoples Sec. Fin. Co., Inc. v. Todd (In re Todd)*, 34 B.R. 633, 635 (Bankr. W.D. Ky. 1983)).  "False pretenses are distinguishable from false representations in that 'a false pretense involves an implied misrepresentation or conduct that is intended to create and foster a false impression while a false representation involves an express representation.'" *Coughlin Chevrolet, Inc. v. Thompson* (*In re Thompson*), 458 B.R. 409, 421 (Bankr. S.D. Ohio 2011) (quoting *Goldberg Securities, Inc. v. Scarlata* (*In re Scarlata*), 127 B.R. 1004, 1009 (N.D. Ill. 1991)); *see also In re Wentland*, 410 B.R. at 594.

The Supreme Court has held that a cause of action for "actual fraud," "[does] not require a misrepresentation from a debtor to a creditor," *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 355, 361 (2016), rather "actual fraud" includes fraudulent transfers and "fraudulent conduct" that deals in "acts of concealment and hindrance." *Id*. at 362.

A debtor's intent to deceive a creditor is measured by a subjective standard and must be ascertained through review of the totality of the circumstances.  *In re Rembert*, 141 F.3d at 281–82; *see also In re Oxford*, 440 B.R. at 777.  A finding of fraudulent intent may be made on the basis of circumstantial evidence or from the debtor's "course of conduct," given that direct,

12

express proof of intent is rarely available. *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 724 (B.A.P. 6th Cir. 1999) (quoting *Hunter v. Sowers* (*In re Sowers*), 229 B.R. 151, 159 (Bankr. N.D. Ohio 1998)); *In re Oxford*, 440 B.R. at 777.

To except a debt from discharge under this Section, a plaintiff must prove each of the following elements by a preponderance of the evidence: (1) the debtor obtained money, property, services or credit through a material misrepresentation, either express or implied, that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) the creditor's reliance was the proximate cause of loss. *In re Rembert*, 141 F.3d at 280–81.

    **1.    The Court continues its collateral estoppel analysis with *Wilcox* Element 2 for 11 U.S.C. § 523(a)(2)(A): The issue must have been actually and directly litigated in the prior suit and must have been necessary in the final judgment.**

In *Hicks v. De La Cruz*, the Ohio Supreme Court held that preclusive effect would occur only where an issue "actually is litigated and determined by a valid and final judgment." 52 Ohio St.2d 71, 369 N.E.2d 776, 777 (1977). This Court has already determined that the State Court Judgement is a valid and final judgment.

Here, the State Court reached its decision based on evidence Plaintiffs presented at trial. The issue of fraud, Count 2 in Plaintiffs' State Court complaint, was actually and directly litigated, and was necessary in the State Court Judgment. The State Court held a trial. The evidence and testimony presented before the State Court at trial were subject to the Ohio Rules of Evidence. The State Court had sufficient evidence to enter a judgment on the fraud count in favor of Plaintiffs, and the State Court had sufficient evidence to make findings of fact and conclusions of law. The second *Wilcox* element is satisfied as to Section 523(a)(2)(A).

13

**2.  The Court finishes its collateral estoppel analysis with *Wilcox* Element 3 for 11 U.S.C. § 523(a)(2)(A): The issue in the present suit must have been identical to the issue in the prior suit.**

The elements of fraud under Section 523(a)(2)(A) and an Ohio fraud action are fundamentally the same. *Ed Schory & Sons, Inc. v. Francis (In re Francis)*, 226 B.R. 385, 389 (B.A.P. 6th Cir. 1998) ("[T]he elements of a dischargeability claim under 11 U.S.C. § 523(a)(2)(A) are virtually identical to the elements of a fraud claim in Ohio.").

Fraud under Section 523(a)(2)(A) has been broadly defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another." *In re Vitanovich*, 259 B.R. at 877 (internal quotations omitted). Comparatively, the elements of an Ohio fraud claim are:

> (1) a representation (or concealment of a fact when there is a duty to disclose); (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with intent to mislead another into relying upon it; (5) justifiable reliance; and (6) resulting injury proximately caused by the reliance.

*Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St. 3d 494, 2010 Ohio 2057, 929 N.E.2d 434, 440 (Ohio 2010).

This *Wilcox* element is met because Plaintiffs' claim of fraud made to the State Court obligated the State Court to make a determination as to fraud. The State Court Judgment found in favor of Plaintiffs based on the evidence presented at trial on all their claims, including fraud. While the State Court did not list the evidence upon which it relied, there was sufficient evidence for a finding of fraud. The State Court Judgment satisfies the third *Wilcox* element as it relates to Plaintiffs Section 523(a)(2)(A) claim. All four Wilcox elements are satisfied as to Section 523(a)(2)(A) such that collateral estoppel applies.

14

Therefore, Defendant's debt owed to Plaintiffs is nondischargeable under Section 523(a)(2)(A). Summary judgment is granted in favor of Plaintiffs and against Defendant as to Count One of their Complaint: Section 523(a)(2)(A).

### 3. Findings of Fact: 11 U.S.C. § 523(a)(2)(A)

A fact-finding analysis is not needed for the Section 523(a)(2)(A) claim because the Court has determined that collateral estoppel applies – the debt owed to Plaintiffs is nondischargeable.

For sake of a complete record, the Court analyzes both collateral estoppel and the substantive application of the Findings of Fact as to the Section 523(a)(4) and (a)(6) claims.

### D. 11 U.S.C. § 523(a)(4)

Section 523(a)(4) exempts a debt from discharge if it was obtained by "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). Broken down, a plaintiff can prevail under Section 523(a)(4) by establishing the defendant obtained debt by any of the following: (1) fraud or defalcation while acting in a fiduciary capacity, (2) embezzlement, or (3) larceny. *Powers v. Powers (In re Powers)*, 385 B.R. 173, 178–79 (Bankr. S.D. Ohio 2008).

The term "fiduciary capacity" found in the defalcation provision of Section 523(a)(4) is construed more narrowly than the term is used in other circumstances. *Commonwealth land Title Co. v. Blaszak (In re Blaszak)*, 397 F.3d 386, 391 (6th Cir. 2005); *see e.g.*, *R.E. Am., Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178–79 (6th Cir.1997) (holding that Section 523(a)(4) applied to trustees who misappropriate funds held in trust, and not to those who fail to meet an obligation under a common law fiduciary relationship); *Carlisle Cashway, Inc. v. Johnson (In re*

15

*Johnson)*, 691 F.2d 249, 251 (6th Cir.1982) (explaining that "fiduciary relationship," as used in Section 523(a)(4) is determined by federal, not state, law).  The fiduciary relationship turns on the existence of a pre-existing express or technical trust whose res encompasses the property at issue.  *In re Blaszak*, 397 F.3d at 391.

Under Ohio law, a claim for breach of fiduciary duty is the same as a claim for negligence except that a breach of fiduciary duty claim involves a higher standard of care.  *In re Amcast Indus. Corp.*, 365 B.R. 91, 113 (Bankr. S.D. Ohio 2007).  The party asserting a claim for breach of fiduciary duty must establish the existence of a fiduciary duty, a breach of that duty, and an injury proximately resulting therefrom.  *In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, 604 F. Supp. 2d 1128, 1147–48 (S.D. Ohio 2009) (citing *Strock v. Pressnell,* 38 Ohio St.3d 207, 216, 527 N.E.2d 1235, 1243 (1988)).  There is no requirement under Ohio law that fiduciary relationship turns on the existence of a pre-existing express or technical trust.  To satisfy Section 523(a)(4) in the context of a defalcation, the debtor must hold funds in trust for a third party to meet the fiduciary relationship element of the defalcation provision of Section 523(a)(4).  *In re Blaszak*, 397 F.3d at 391.

A creditor proves embezzlement under Section 523(a)(4) by showing that he entrusted his property to the debtor, the debtor appropriated the property for a use other than that for which it was entrusted, and the circumstances indicate fraud.  *Sheen Falls Strategies, LLC v. Keane (In re Keane)*, 560 B.R. 475, 492 (Bankr. N.D. Ohio 2016) (quoting *Bd. of Trs. of the Ohio Carpenters' Pension Fund v. Bucci (In re Bucci)*, 493 F.3d 635, 644 (6th Cir. 2007)).

In contrast to embezzlement, when funds are voluntarily entrusted to someone else, larceny involves a situation where the original taking is unlawful.  *In re Grim*, 293 B.R. at 166.

16

Larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Id.*

### 1. The Court continues its collateral estoppel analysis with *Wilcox* Element 2 for 11 U.S.C. § 523(a)(4): The issue must have been actually and directly litigated in the prior suit and must have been necessary in the final judgment.

The issues of breach of fiduciary duty and breach of contract were actually and directly litigated and were necessary in the State Court Judgment. The evidence and testimony presented before the State Court at trial were subject to the Ohio Rules of Evidence. The State Court had sufficient evidence to enter a judgment in favor of Plaintiffs, and the State Court had sufficient evidence to make findings of fact and conclusions of law. The second *Wilcox* element is satisfied.

### 2. The Court finishes its collateral estoppel analysis with *Wilcox* Element 3 for 11 U.S.C. § 523(a)(4): The issue in the present suit must have been identical to the issue in the prior suit.

Plaintiffs alleged, and the State Court found, a breach of fiduciary duty in favor of Plaintiffs, but there is no finding in the State Court Judgment regarding an express or technical trust. While the fiduciary duty may have arisen due to an express or technical trust, there is nothing in the State Court Judgment to support such a finding. The federal issue is not identical to the state issue in this case.

Plaintiffs did not plead embezzlement to the State Court, so collateral estoppel does not apply. Plaintiffs did not plead larceny to the State Court, so collateral estoppel does not apply.

17

The third *Wilcox* element is not met; all four of the Wilcox elements are not satisfied as to Section 523(a)(4). Therefore, collateral estoppel does not apply as to fraud or defalcation while acting in a fiduciary capacity.

### 3. Findings of Fact: 11 U.S.C. § 523(a)(4)

Collateral estoppel does not apply to Section 523(a)(4) so the Court reviews Section 523(a)(4) on the merits. Defalcation, which "may be used to refer to nonfraudulent breaches of fiduciary duty," "includes a culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase[:] . . . one involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 269 (2013). "To except a debt from discharge as a defalcation, the preponderance of the evidence must establish '(1) a preexisting fiduciary relationship, (2) a breach of that fiduciary relationship, and (3) a resulting loss.'" *In re Piercy*, 21 F.4th at 926 (quoting *In re Bucci*, 493 F.3d at 639 and *In re Blaszak*, 397 F.3d at 390); *see Bailey v. Bailey (In re Bailey)*, No. 23-8001, 2024 Bankr. LEXIS 866, at *15 (B.A.P. 6th Cir. Apr. 8, 2024).

Here, the Findings of Fact establish (1) a preexisting fiduciary relationship, (2) a breach of that fiduciary relationship, and (3) a resulting loss. Findings of Fact Nos. 1, 2, 3, 4, 5, 6, 8, 9, 10, 14, 16, and 20.

In the Sixth Circuit, a fiduciary relationship may be found only in "those situations involving an express or technical trust relationship arising from placement of a specific res in the hands of the debtor." *In re Bailey*, 2024 Bankr. LEXIS 866 at *15-16 (citing *In re Garver*, 116 F.3d at 180). Four requirements are necessary to establish the existence of an express or

18

technical trust: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary. *Graffice v. Grim (In re Grim),* 293 B.R. 156, 166 (Bankr. N.D. Ohio 2003).

All four elements of a pre-existing express or technical trust are also met here. There was an intent to create a trust. Findings of Fact Nos. 15, 17. There was a trustee, because an escrow agent "is an agent of both parties, as well as a paid trustee with respect to the purchase money funds placed in his hands." *Pippin v. Kern-Ward Bldg. Co.*, 8 Ohio App. 3d 196, 198, 8 Ohio B. 266, 456 N.E. 2d 1235 (8th Dist. 1982) (citing *Squire v. Branciforti*, 131 Ohio St. 344, 2 N.E. 2d 878(1936)). Findings of Fact Nos. 2, 8, 14, 15. There was a trust res. Finding of Fact No. 1. There was a definite beneficiary. Findings of Fact Nos. 3, 5, 6, 15.

Plaintiffs have established under Section 523(a)(4) that Defendant committed defalcation while acting in a fiduciary capacity. Therefore, summary judgment is granted in favor of Plaintiffs and against Defendant as to Count Three of their Complaint: Section 523(a)(4).

E.      **11 U.S.C. § 523(a)(6)**

Section 523(a)(6) excepts a debt "for willful and malicious injury" by the debtor to another entity or to the property of another entity from a Chapter 7 discharge. 11 U.S.C. § 523(a)(6). To prevail under Section 523(a)(6), a plaintiff must prove by a preponderance of the evidence that the injury from which the alleged debt arises was both willful and malicious. *Markowitz v. Campbell, (In re Markowitz)*, 190 F.3d 455, 463 (6th Cir. 1999); *J & A Brelage, Inc. v. Jones (In re Jones)*, 276 B.R. 797, 801–02 (Bankr. N.D. Ohio 2001). The "willful and malicious standard is a stringent one. . . ." *Steier v. Best (In re Best)*, 109 F. App'x 1, 4 (6th Cir. 2004).

19

Addressing the willful requirement of Section 523(a)(6), the Supreme Court determined that "the (a)(6) formulation triggers in the lawyer's mind the category 'intentional torts,' as distinguished from negligent or reckless torts" and held that "[t]he word 'willful' in (a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) (emphasis in original). A willful injury occurs when "(i) the actor desired to cause the consequences of the act or (ii) the actor believed that the given consequences of his act were substantially certain to result from the act." *Monsanto Co. v. Trantham (In re Trantham)*, 304 B.R. 298, 307 (B.A.P. 6th Cir. 2004) (citing *In re Markowitz*, 190 F.3d at 464).

In Ohio, the term willful, as it pertains to intentional torts, is generally synonymous with the term intentional. *Monsler v. Cincinnati Casualty Co.*, 74 Ohio App. 3d 321, 328, 598 N.E. 2d 1203, 1207 (1991); *see also Payne v. Vance*, 103 Ohio St. 59, 133 N.E. 85 (1921). In Ohio, an act is done intentionally if "committed with the intent to injure another, or committed with the belief that such injury is substantially certain to occur." *Jones v. VIP Dev. Co.*, 15 Ohio St. 3d 90, 95 472 N.E.2d 1046, 1051 (1984). The Ohio standard for the term willful is similar to the standard for Section 523(a)(6).

For Section 523(a)(6), "'[m]alicious' means in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986) (citation omitted). Stated differently, "[t]here must also be a consciousness of wrongdoing. . . . It is this knowledge of wrongdoing, not the wrongfulness of the debtor's actions, that is the key to malicious under § 523(a)(6)." *Kraus*

20

*Anderson Capital, Inc. v. Bradley (In re Bradley)*, 507 B.R. 192, 204 (B.A.P. 6th Cir. 2014) (quoting *ABF, Inc. v. Russell (In re Russell)*, 262 B.R. 449, 455 (Bankr. N.D. Ind. 2001)).

Under Ohio law, malice means the willful doing of a wrongful act without just cause or excuse. *Bush v. Kelley's Inc.*, 18 Ohio St. 2d 89, 92, 247 N.E.2d 745, 747–748 (1969); *Breuleux v. Pentagon Fed. Credit Union*, 10 Ohio App.3d 33, 35, 460 N.E.2d 306, 309 (1983). The two standards for the term malice are almost identical, so a party who has already litigated the issue of malice in an Ohio state court will be collaterally estopped from relitigating that issue in a dischargeability proceeding in this Court. *See In re Wilcox*, 229 B.R. at 418–19.

Section 523(a)(6) also requires "injury by the debtor." There is consensus that the injury must be by the debtor and that, absent certain circumstances, the conduct of others cannot be imputed to the debtor. *See Huffman v. Holden (In re Hughley)*, No. 17-41946, 2019 Bankr. LEXIS 1767, 2019 WL 2402852, at *5 (Bankr. N.D. Ohio June 5, 2019).

> **1. The Court continues its collateral estoppel analysis with *Wilcox* Elements 2 for 11 U.S.C. § 523(a)(6): The issue must have been actually and directly litigated in the prior suit and must have been necessary in the final judgment.**

Not every element necessary for Section 523(a)(6) was actually and directly litigated.

In addition to fraud and breach of fiduciary duty, Plaintiffs pled breach of contract and unjust enrichment at the State Court. Neither of those claims includes willfulness as an element. In Ohio the elements to prove breach of contract elements are: existence of a contract, a breach by the defendant, resulting damages, and that the nonbreaching party performed its contractual obligations. *PRN Funding LLC v. Cole (In re Cole)*, No. 15-6034, 2015 Bankr. LEXIS 3494, at *11 (Bankr. N.D. Ohio 2015). Under Ohio law, unjust enrichment occurs where a plaintiff shows that: "(1) a benefit was conferred by the plaintiff on the defendant, (2) the defendant had

21

knowledge of the benefit, and (3) the defendant retained the benefit under circumstances in which it was unjust to do so without payment." *Cleveland Bakers & Teamsters Health & Welfare Fund v. Publicis Health, LLC*, 768 F. Supp. 3d 898, 910 (N.D. Ohio 2025) (quoting *Bunta v. Superior VacuPress, LLC*, 171 Ohio St. 3d 464, 2022-Ohio-4363, ¶ 36, 218 N.E.3d 838). The second *Wilcox* element is not met as to a willful and malicious injury.

2. **The Court finishes its collateral estoppel analysis with *Wilcox* Element 3 for 11 U.S.C. § 523(a)(6): The issue in the present suit must have been identical to the issue in the prior suit.**

Plaintiffs requested punitive damages in the State Court proceeding. An award of punitive damages under Ohio law does not necessarily denote that, as a matter of law, a defendant's conduct was "willful" pursuant to the standard required under § 523(a)(6). *Hinze v. Robinson (In re Robinson)*, 242 B.R. 380, 387 (Bankr. N.D. Ohio 1999). Under Ohio law, punitive damages are warranted only where actual malice is shown, so in reviewing the award of punitive damages by the State Court as outlined above, it could not have awarded punitive damages without first having found actual malice. *Preston v. Murty*, 32 Ohio St.3d 334, 336 (1987); *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 652 (1994). Thus, the State Court Judgment meets the malicious standard for Section 523(a)(6).

The State Court determined that the injury here was done by Defendant. The State Court awarded punitive damages, which is sufficient for a finding of malice. The State Court Judgment, however, is silent on whether the punitive damages award was predicated on a finding of willfulness. A willful and malicious injury was not actually and directly litigated, nor are the State Court and Title 11 elements identical, so neither the second nor the third *Wilcox* elements are met for the application of collateral estoppel as to Section 523(a)(6).

22

### 3. Findings of Fact: 11 U.S.C. § 523(a)(6)

Collateral estoppel does not apply, so the Court reviews Section 523(a)(6) on the merits. For a debt to be nondischargeable under Section 523(a)(6), the Court must make separate findings that the resulting injury was both "willful" and "malicious." *In re Adams*, 147 B.R. 407, 412-13 (Bankr. W.D. Mich. 1992) (citing *Stewart v. Gargac (In re Gargac)*, 93 Bankr. 549, 551 (Bankr. N.D. Ohio 1988)).

None of the Findings of Fact support a finding that Defendant desired to cause the injury to Plaintiffs or that he believed the given consequences of his actions were substantially certain to result from his actions. The Court cannot find the injury to Plaintiffs was willful based on the Findings of Fact.

A fact-finding analysis is not needed for malicious injury because the Court has already determined that collateral estoppel applies as earlier analyzed – when the State Court awarded punitive damages, it necessarily found malice.

Nevertheless, without a finding of willfulness, the Court cannot find that Plaintiffs are entitled to summary judgment in their favor as to Count Two of their Complaint: Section 523(a)(6).

### CONCLUSION

For the reasons explained above, Plaintiffs' Motion for Summary Judgment is granted in part and denied in part. Plaintiffs are entitled to summary judgment in their favor and against Defendant due to the application of collateral estoppel as to 11 U.S.C. § 523(a)(2)(A). Plaintiffs are further entitled to summary judgment in their favor and against Defendant as to 11 U.S.C. § 523(a)(4). Plaintiffs are denied summary judgment as to 11 U.S.C. § 523(a)(6). Therefore, the

23

State Court Judgment entered in favor of Plaintiffs and against Defendant is nondischargeable in the amount of $51,107.00 with interest.  A separate order shall enter.

**IT IS SO ORDERED.**

24